LIZBETH OCHOA (SBN 219985)
lochoa@fisherphillips.com
PIPER A. BROCKLEY (SBN 352257)
pbrockley@fisherphillips.com
FISHER & PHILLIPS LLP
2050 Main Street, Suite 1000
Irvine, California 92614
Telephone: (949) 851-2424
Facsimile: (949) 851-0152

Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK YELSITS,<br><br>               Plaintiff,<br><br>    v.<br><br>L3HARRIS TECHNOLOGIES, INC., A CORPORATION,<br><br>               Defendant. | Case No: **'25CV0549 LL    BLM**<br><br>*[Removed from San Diego County Superior Court, Case No. 24CU020949C]*<br><br>**DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)**<br><br>Complaint Filed:  November 5, 2024<br>FAC Filed:       January 8, 2025<br>Trial Date:       None Set |

TO THE COURT, THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF MARK YELSITS AND HIS COUNSEL OF RECORD:

PEASE TAKE NOTICE THAT Defendant L3HARRIS TECHNOLOGIES, INC. ("L3Harris Technologies" or "Defendant") through its counsel of record, hereby submits this petition for removal of this case from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446(b).  The grounds for removal are as follows:

1

## I.      Statement of Jurisdiction

1.      This action is a civil action over which this court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

2.      On November 5, 2024, Plaintiff, MARK YELSITS, ("Plaintiff"), filed the above-entitled civil against L3Harris Technologies in the Superior Court of California for the County of San Diego, Case No. 24CU020949C (the "State Court Action"). The United District Court for the Southern District of California embraces the county where this action is pending.

3.      On November 7, 2024, Plaintiff served L3 Technologies' agent for service of process with the Summons, Complaint, Civil Cover Sheet, Notice of Case Management Conference, and other related case management forms and documents (collectively, "initial pleading packet"). A copy of the Complaint served upon L3 Technologies is attached hereto as **Exhibit ("Exh.") "A."** A copy of the Summons is attached hereto as **Exh. "B".** A copy of the Civil Cover Sheet, Notice of Case Assignment and Case Management Conference and other documents served with the Summons and Complaint are attached hereto as **Exh. "C".** A copy of the Proof of Service of Summons is attached hereto as **Exh. "D,"** reflecting service upon Defendant on November 7, 2024.

4.      On December 9, 2024, L3Harris Technologies served Plaintiff a Request for Statement of Damages to ascertain amount of damages in controvery. A copy of the Request for Statement of Damages is attached hereto as **Exh**. **"E."**

5.      On January 3, 2025, Plaintiff filed a First Amended Complaint in the State Court Action (the "FAC"). A copy of the FAC is attached hereto as **Exh. "F."**

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)

FP 53850663.1

6.    On January 8, 2025, Plaintiff served L3Harris Technologies' counsel of record with a Notice of Acknowledgement of Receipt – Civil and a copy of the FAC. Thereafter, on January 28, 2025, on Defendant's behalf, Defendant's counsel executed the Notice of Acknowledgment of Receipt, acknowledging receipt of the FAC. A copy of the executed Notice of Acknowledgment is attached hereto as **Exh. "G."**

7.    On February 7, 2025, counsel for Plaintiff sent counsel for Defendant, via email, Plaintiff's Response to Defendant's Request for Statement of Damages ("Statement of Damages"). A copy of the Statement of Damages is attached hereto as **Exh. "H."** As outlined in the Statement of Damages, Plaintiff is seeking $179,888 in damages. (See **Exh. "H."**) As such, the Statement of Damages confirms the amount in controversy exceeds $75,000.

8.    On February 27, 2025, following the parties meet and confer, L3Harris Technologies' filed and served a declaration granting it an automatic 30-day extension to respond to the FAC. Attached hereto as **Exh. "I"** is a copy of the declaration referenced in this paragraph.

9.    On March 6, 2025, L3Harris Technologies filed and served its Answer to the FAC in the State Action. Attached hereto as **Exh. "J"** is Defendant's Answer to the FAC.

10.    No proceedings related to any process, pleadings, and orders have been heard in State Court Action.

## II.    Venue

11.    Removal to this Court is proper because this District includes the County where the State Court Action is pending.

12.    By filing this Notice of Removal, L3Harris Technologies does not intend to waive, and hereby reserves, any objection as to personal jurisdiction, and all other defenses.

13.    This Notice of Removal is being served on Plaintiff's counsel on this

3

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO
28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)

FP 53850663.1

date. L3Harris Technologies will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the state of California for the County of San Diego.

14. This removal is brought by all served defendants. 28 U.S.C. § 1446(b)(2)(A).

## III.   Timeliness of Removal

15. This Notice of Removal is filed timely as it is within thirty (30) days of L3Harris Technologies' receipt of the Statement of Damages. (See **Exh. "E"**.) Receipt of the Statement of Damages was the first day upon which removal could take place as it is the first document which establishes that Plaintiff asserts the amount in controversy exceeds $75,000.

## IV.   Removal is Based on Diversity of Citizenship

### A. There Is Diversity of Citizenship

16. The State Court Action is a civil action over which this court has original jurisdiction under 28 U.S.C. §§ 1332(a), for the following reasons:

17. Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." (*Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination"); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.")).

4

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)

FP 53850663.1

18. Plaintiff's FAC asserts he is a resident of California. (*See* **Exh. "F"** ¶ **1.**) Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

19. <u>Defendant's Citizenship</u>. A corporation is deemed a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Regarding "principal place of business," the United States Supreme Court has defined the phrase as "where a corporation's officers direct, control, and coordinate the corporation's activities." (*Hertz Corp. v. Friend*, 599 U.S. 77, 92-93 (2010) ("[w]e conclude that the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities")). This will be "where the corporation maintains its headquarters." (*Id.*)

20. For purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. (*See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002)).

21. Defendant L3Harris Technologies was, at the time of filing of this action, and is now, a corporation organized under the laws of the state of Delaware. (See Declaration of Jennifer Branham ("Decl. J. Branham") filed concurrently herewith. (*See* Decl. J. Branham, ¶ 5.) As such, it is a citizen of the state of Delaware.

22. L3Harris Technologies' current principal place of business and corporate headquarters is in Melbourne, Florida and has been since at least 2019. (*See* Decl. J. Branham, ¶5.) For purposes of determining diversity jurisdiction, L3Harris Technologies is therefore also regarded as a citizen of Florida.

23. Since Plaintiff's California citizenship is distinct from L3Harris Technologies' citizenship, complete diversity of citizenship exists between the served parties to the action. *See* 28 U.S.C. §1332(a).

///

FP 53850663.1

**B. The Amount in Controversy Exceeds $75,000**

24.    In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002)). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. (*See Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005)).

25.    L3Harris Technologies' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. (*Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014)). The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. (*See Cagle v. C&S Wholesale Grocers, Inc.*, 2014 WL 651923, at *5 (E.D. Cal. Feb. 19, 2014)). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" (*Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008))). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. (*Id.* (internal citations omitted)).

26.    Here, pursuant to Plaintiff's Statement of Damages, Plaintiff is seeking $179,888 in damages. (See **Exh. "E."**)

27.    L3Harris Technologies denies that Plaintiff's claims have any merit. L3Harris Technologies also denies that Plaintiff suffered any damages. However, per Plaintiff's Statement of Damages, the amount in controversy exceeds the $75,000 jurisdictional requirement, exclusive of interests and costs.

DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B)

FP 53850663.1

28. Based upon the foregoing, the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

29. L3Harris Technologies hereby removes to this Court pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

**V.      Notice to the Court and Parties**

30. Promptly upon filing of this Notice of Removal in the United States District Court for the Southern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of San Diego, California.

Dated: March 7, 2025

FISHER & PHILLIPS LLP

By: _____
Lizbeth Ochoa
Piper A. Brockley
Attorneys for Defendant
L3HARRIS TECHNOLOGIES, INC.

7

FP 53850663.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 2050 Main Street, Suite 1000, Irvine, California 92614.

On March 7, 2025, I served the foregoing document entitled **DEFENDANT L3HARRIS TECHNOLOGIES, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332(A)(1), 1441(B) AND 1446(B),** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

Dylan Hackett, Esq.
THE HACKETT LAW FIRM
PO Box 330168
San Francisco, CA 94133
Tel: (415) 410-9931

*Attorneys for Plaintiff, MARK YELSITS*

E-Mail: Dylanhackett@hackettfirm.com
E-Mail: cquattrociocche@hackettfirm.com
E-Mail: mhernandez@hackettfirm.com
E-Mail: mmirafuentes@hackettfirm.com

☒     **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐     **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☐     **[by PERSONAL SERVICE]** - I caused to be delivered by messenger such envelope(s) by hand to the office of the addressee(s). Such messenger is over the age of eighteen years and not a party to the within action and employed with ASAP Legal Solution Attorney Services LLC, whose business address is 404 W. 4th Street, Suite B, Santa Ana, CA 92701.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed March 7, 2025, at Irvine, California.

Paula Sanchez
_____
Print Name

By: _____
Signature

1
CERTIFICATE OF SERVICE